UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RODERICK MCCLAM                                                                                          PLAINTIFF

VERSUS                                                                              CIVIL ACTION NO. 1:07CV899-RHW

LIEUTENANT BUNCH et al                                                                              DEFENDANTS

## ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS

Before the Court is Plaintiff's 42 U.S.C. § 1983 civil rights complaint in which he alleges that he was assaulted by other inmates as a result of comments made by Defendant Lieutenant Bunch. Plaintiff suffered a broken jaw from the assault. Plaintiff alleges that Defendant Mike Farmer denied Plaintiff constitutionally adequate medical care for treatment of his broken jaw. He further alleges that Defendant Christopher Epps failed to investigate after the fact. The Court conducted a screening hearing pursuant to 28 U.S.C. § 1915A. At the hearing, Plaintiff agreed to dismiss Defendant Franklin Brewer.

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

Plaintiff was assaulted on November 6, 2006 at the South Mississippi Correctional Institute (SMCI). Immediately after the assault, he was taken to the nurse's station and then to the Stone County Hospital. According to Plaintiff, the doctor at the hospital told him that his jaw was broken in two places. Plaintiff received a pain shot and was released to the custody of SMCI that same day. The very next day, Plaintiff was transferred to Greene County, where he received more pain medication. Several days later he was transferred to Rankin County. While incarcerated in Rankin County, Plaintiff was examined and treated by Dr. Hill. Dr. Hill wired Plaintiff's mouth shut on November 20, 2007, or approximately two weeks after the injury.

The Court finds that Plaintiff has failed to state a claim for inadequate medical care against any of the named Defendants. From the time of his injury until he was transferred to Greene County, Plaintiff was only under the care and custody of SMCI for one day. During that interval, prison officials sent him to the emergency room where Plaintiff was examined, diagnosed, and received pain medication. The actions of the prison officials in this case do not rise to the level of deliberate indifference to Plaintiff's serious medical needs. Thus the Court finds that Plaintiff's claim for inadequate medical care should be dismissed for failure to state a claim.

The Court finds that the claims against Christopher Epps should be dismissed as well. Epps appears to be sued only in his supervisory capacity, which fails to state a cause of action under § 1983. *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Any claims against Epps in his individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates." *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Plaintiff merely alleges that

Epps failed to investigate the situation. As Plaintiff has failed to state a cause of action for inadequate medical care, there was nothing for Epps to investigate. Moreover, Plaintiff was removed from SMCI the day after being assaulted by other inmates; therefore, any continuing risk to his safety from assault was remedied.

The Court finds that Plaintiff has stated an arguable claim against Defendant Lieutenant Bunch based on Plaintiff's allegation that Bunch told other inmates that Plaintiff was a "snitch". According to Plaintiff, it was this comment by Bunch that resulted in Plaintiff being assaulted by other inmates. Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk. *Id.* at 837. In this case, Plaintiff alleges that Bunch told other inmates that Plaintiff was reporting illegal activities in the jail. Plaintiff admits that he did not hear this comment directly from Bunch but only through hearsay from the inmates who attacked him. If Plaintiff's allegation is true, that Bunch in fact told other inmates that Plaintiff was a "snitch", then Bunch should have been aware that his statement to other inmates put Plaintiff at substantial risk of suffering violence at the hands of other inmates. The Court can infer from the fact that Plaintiff was assaulted just a few minutes after being released from solitary confinement, that Bunch did nothing to avert this act of violence. The Court is satisfied that Plaintiff has sufficiently made out a cause of action against Bunch for failure to protect and to allow this case to proceed with discovery; however, the Court

draws no conclusions about the ultimate merits of Plaintiff's claim. The Court will enter a scheduling order.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's claim of constitutionally inadequate medical care is hereby dismissed.

IT IS FURTHER ORDERED that Defendants Franklin Brewer, Mike Farmer, and Christopher Epps are dismissed from this lawsuit with prejudice.

SO ORDERED, this the 11th day of March, 2008.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE